16-2931
Gizewski v. N.Y.S. Dep't of Corr., et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand seventeen.

PRESENT: DENNIS JACOBS,
PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
MARK GIZEWSKI,
Plaintiff-Appellant,

-v.-                                    16-2931

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, MICHAEL
SHEAHAN, in his official and individual
capacity, JOHN DOE 1, Treating
Physician at Five Points Correctional
Facility, in official and individual
capacity, JOHN DOE 2, Corrections Officer
at Five Points Correctional Facility,
Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**  MATTHEW J. BLIT, Levine & Blit, PLLC, New York, NY.

**FOR APPELLEES:**  KATE H. NEPVEU (Barbara D. Underwood, Andrea Oser, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Mark Gizewski appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, C.J.) dismissing on summary judgment his claims under the Americans with Disabilities Act ("ADA") and the Eighth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo the district court's grant of summary judgment, drawing all inferences in favor of the non-moving party. Young v. Cnty. of Fulton, 160 F.3d 899, 902 (2d Cir. 1998).

When Gizewski was incarcerated at Five Points Correctional Facility from May 2012 until January 2014, he sought accommodations to significant physical disabilities that resulted from his exposure in utero to Thalidomide. Requests in February, March, and April 2013 were approved. In August or September 2013,[1] Gizewski requested multiple accommodations, including an electric wheelchair, a new pressure-relief cushion, in-cell assistance, grab bars in the shower, a grabber tool, and shower brushes. Those requests were substantially approved except for the electric wheelchair, which was denied on the

---

[1] The record is somewhat unclear but it appears Gizewski submitted two requests with overlapping contents, one sent to the grievance office with a letter from counsel.

ground that Gizewski was able to navigate well with his non-electric wheelchair.

Gizewski's appeal of the partial denial was denied by the Superintendent. On November 12, 2013, he appealed to the Central Office Review Committee (the final step in the three-step inmate grievance program), asserting that the cushion, grabber tool, and shower brushes he received were inadequate and that the shower bars were placed in an unsafe location. The determination of the Superintendent was eventually upheld, but--at least in part because of a "clerical error," App. 66--not until nearly a year later. In the meantime, Gizewski was transferred to Walsh Regional Medical Unit in January 2014, and he was released from prison a few months later.

While he was incarcerated at Walsh (and while his administrative appeal was pending), Gizewski filed the present complaint against the Department of Corrections, Five Points Superintendent Michael Sheahan, and two John Doe defendants (his treating physician and a corrections officer). His ADA claims against the Department of Corrections allege (1) denial of the benefit of services, programs or activities, (2) failure to reasonably accommodate, and (3) retaliation for seeking reasonable accommodations. He asserts an Eighth Amendment claim under 42 U.S.C. § 1983 against Sheahan and the John Doe defendants for deliberate indifference to his serious medical needs.

After discovery, the district court dismissed the complaint on summary judgment, ruling that Gizeweski failed to exhaust administrative remedies, that his ADA claims lacked merit,[2] and that he failed to proffer sufficient evidence that Sheahan (the only identified individual defendant) was personally involved in any violation.

---

[2] Gizewski's appellate brief focuses on the exhaustion issue without discussing the merits; his reply brief asserts that the district court did not rule on the merits. Reply Br. 6–7. However, the district court opinion ruled in a separately lettered section that the ADA claims should be dismissed "for the reasons stated in the Defendants' memorandum of law," 2016 WL 3661434 at *15, and elaborated several additional reasons.

3

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions" under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that even when administrative remedies are formally available, they are unavailable for purposes of the PLRA when "officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates," when the "administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use," or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016).

Gizewski makes no persuasive argument that administrative remedies were unavailable. The Department of Corrections provided a procedure for administrative remedies, and Gizewski used it with considerable (though incomplete) success. He was therefore obligated to exhaust those remedies before bringing this action. The district court held that Gizewski failed to exhaust all of his claims because his final administrative appeal was still pending when he filed his complaint.[3]

Even if we assume arguendo that the long delay occasioned in part by clerical error constituted constructive denial, Gizewski would have exhausted only those issues he raised in that final administrative appeal--specifically, the adequacy of his pressure-relief cushion, grabber tool, shower brushes, and the placement of his shower bars. App. 132. Those items were provided as a result of requests for reasonable accommodations that were granted, and although Gizewski alleges that they were provided in a form that was deficient under the ADA, he has pointed to no record evidence that raises a genuine issue of material fact.

---

[3] The eventual denial does not cure the failure to exhaust: "Subsequent exhaustion after suit is filed . . . is insufficient." Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) (abrogated in part on other grounds by Porter v. Nussle, 534 U.S. 516 (2002)).

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK